```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


Kevin A. Tolliver,              :

            Plaintiff,          :   Case No. 2:07-cv-0006

     v.                         :   JUDGE SARGUS

Scott A. Mittman, Esq., et al.,:

            Defendants.         :
```

REPORT AND RECOMMENDATION

Plaintiff, Kevin Tolliver, a state prisoner, filed this action seeking damages from the defendants for legal malpractice. The case is before the Court for an initial screening pursuant to 28 U.S.C. §1915(e)(2). For the following reasons, it will be recommended that the case be dismissed as frivolous for lack of jurisdiction.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also

Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

The complaint in this case alleges that Mr. Tolliver was represented by the defendants in connection with a bankruptcy proceeding which was filed in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division, on September 13, 2000. Mr. Tolliver alleges that the defendants "committed multiple acts of negligence and malpractice" during the course of the bankruptcy proceedings, including improperly listing assets in the bankruptcy proceeding and using assets of the bankruptcy estate to generate income without reporting it to the bankruptcy trustee as an asset of the estate. He also claims that the attorneys operated under a conflict of interest with respect to the sale of property from the bankruptcy estate and that they committed various acts of malpractice in connection with an appeal taken from decisions of the bankruptcy court to this court. He alleges that the malpractice ended with the dismissal of his bankruptcy appeal on March 7, 2003. The primary question before the Court is whether this court has jurisdiction over these claims.

Mr. Tolliver and the defendants are all residents of the State of Ohio. As a result, the Court would have jurisdiction over this case only if a federal question were involved. The complaint alleges that the Court has jurisdiction over the case

pursuant to 28 U.S.C. §1334, which gives the Court original jurisdiction over bankruptcy proceedings.  However, that allegation is incorrect.

In any case involving the representation of a client either in federal court or with respect to questions of federal law, a malpractice suit arising out of that representation arises solely under state law.  The fact that, in order to determine whether malpractice occurred as defined by state law, the state court might have to consider or determine certain questions of federal substantive or procedural law is insufficient to convert a state law malpractice action into a federal law claim.  Numerous decisions from both Courts of Appeals and District Courts affirm this principle, and conclude that a federal court simply has no jurisdiction over a legal malpractice claim where diversity of citizenship jurisdiction is absent even if the litigation giving rise to the malpractice claim took place in a federal court or involved issues arising under federal law.  See, e.g., Custer v. Sweeney, 89 F.3d 1156 (4th Cir. 1996); Diaz v. Sheppard, 85 F.3d 1502 (11th Cir. 1996); Higbee v. Malleris, 470 F.Supp. 2d 845 (N.D. Ill. 2007); see also McGraw v. Thomas, 1999 WL 1939260 (M.D.N.C. February 4, 1999); Owens v. Farrell, 1992 WL 7197 (E.D. Pa. January 15, 1992).

The fact that the underlying litigation related to bankruptcy proceedings does not change this result.  Obviously, the malpractice case asserted by Mr. Tolliver is not a "core" bankruptcy proceeding.  Additionally, it does not involve any issue of distribution of assets to the bankruptcy estate.  The bankruptcy case was closed long ago.  There is simply no basis on which either bankruptcy jurisdiction or federal question jurisdiction can be asserted here.

Based upon the foregoing, it is recommended that this case be dismissed as frivolous because the Court lacks subject matter

jurisdiction. It is further recommended that, if the Court adopts this recommendation and dismisses the case, a copy of the complaint, the Report and Recommendation, and the dismissal order be mailed to the defendants.

In making this recommendation, the Court notes that the related case of <u>Kevin A. Tolliver v. Scott A. Mittman, Esq., et al</u>., Case No. 2:07-cv-0017 was dismissed for similar reasons on October 12, 2007.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge